UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMERICAN SPECIALTY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant. | Case No.: 18cv307-LAB (JMA) <br><br> **ORDER GRANTING IN PART MOTION TO DISMISS** |

Defendant City of San Diego removed this action from state court, then moved to dismiss for failure to state a claim.

A motion to dismiss challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

The pleading standard is governed by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although Plaintiff's opposition cites the "any set of facts" (or "no set of facts") standard, *Twombly* rejected this. 550 U.S. at 561–62.

The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. To defeat the motions to dismiss, the factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must plead facts, not mere "labels and conclusions." *Id.* Legal conclusions, unlike facts, are <u>not</u> presumed to be true and the Court need not accept them as such or rely on them even if they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

In assessing the adequacy of a complaint, the Court must look at the complaint itself, and not to explanations provided in the opposition. New or expanded allegations in opposition to a motion to dismiss are considered when deciding whether to grant leave to amend, but are not considered when ruling on a 12(b)(6) motion. *See Schneider v. Cal. Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). *See also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

When a complaint is dismissed for failure to state a claim, ordinarily leave to amend is granted. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). But leave to amend will be denied where it is clear the complaint cannot be saved by amendment. *Id.*

Because the complaint was filed in state court, where federal pleading standards do not apply, it is not surprising that the complaint does not meet federal pleading standards. That being said, it clearly does not.

The claims stem from property damage to a house by the City's peace officers during a search or investigation. The complaint conclusorily alleges that, although the house and its occupants were not reasonably connected with any criminal investigation, the officers damaged it. (Compl., ¶ 6.) The circumstances of the search or investigation are not alleged. Whether the officers were executing

a warrant is not alleged. No facts are alleged that explain why there was no connection between the house and any investigation, and why damaging the house was unreasonable.

Plaintiff is alleged to be the property owner's subrogee, because it paid for damaged to the home. As to ordinary tort claims for property damage, this does not appear to present a standing problem. But the Complaint also brings § 1983 claims for alleged "rights, privileges and immunities" under, "inter alia, the Fourth and Fourteenth Amendments" without rights were violated, or what constituted violations of those rights, or alleging that Plaintiff paid its insured for those violations. Nor does the Complaint allege facts showing that Plaintiff's insured has standing to sue for violations of his constitutional rights.[1]

The Complaint also does not spell out the relationship between the insured property, the property's owner (or former owner), and Plaintiff. It does not, for example, allege that the property's owner owned the house at the time of the search, or that he had an insurance policy with Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Complaint does not allege that the property's owner lived there, nor does it allege any facts suggesting that he had any privacy rights that the search might have violated. Merely damaging someone's house during a search or arrest is ordinarily not a constitutional violation. *See Bachmann v. United States*, 134 Fed. Cl. 694, 697 (2017) (U.S. Marshals' damage to a house while arresting a suspect was not a "taking" under the Fifth Amendment).

It may be that Plaintiff can successfully amend to correct these defects. If it believes it can do so, it may file an amended complaint by **April 19, 2018**. If Plaintiff does not amend, or if its amended complaint does not correct these defects, it may be dismissed in whole or in part.

**IT IS SO ORDERED**.

Dated: March 29, 2018

_____
Hon. Larry Alan Burns
United States District Judge