UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AMERICAN SPECIALTY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant. | Case No.: 18cv307-LAB (JMA) <br><br> **ORDER SUA SPONTE DISMISSING FEDERAL CLAIMS; AND** <br><br> **ORDER OF REMAND** |

Defendant City of San Diego removed this action from state court, then moved to dismiss for failure to state a claim. The Court dismissed the complaint without prejudice, explained to Plaintiff why the pleading standard was not met, and gave Plaintiff an opportunity to amend.

Plaintiff has now filed an amended complaint that corrects almost none of the defects the Court's order of dismissal identified. These include the jurisdictional defect of Article III standing, and the absence of any facts to support § 1983 constitutional claims. The amended complaint is essentially a stripped-down version of the original, inadequately-pled complaint.

The Court is obligated to examine its own jurisdiction, *sua sponte* if necessary, *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.

2011) (en banc), and to remand the case if jurisdiction is lacking. 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Plaintiff has not pled any federal claim, even after the defects were pointed out to it. The § 1983 claims are therefore **DISMISSED WITHOUT LEAVE TO AMEND**. Plaintiff <u>may not</u> raise these claims again in either federal or state court.

The tort claims are likewise inadequately pled, and are subject to dismissal for failure to state a claim. What should become of them — dismissal with prejudice, or dismissal without prejudice and remand — is, however, a more complex question.

In the absence of any federal claim, there is no basis for the Court to exercise jurisdiction over these claims. The notice of removal does not allege any basis for diversity jurisdiction, and in any event, Plaintiff has not met its burden of establishing Article III standing as to any claims. But the tort claims are not wholly conclusory as the federal claims are, and it is possible they might survive in state court. Furthermore, because states are not required to observe Article III standing requirements, it is not a foregone conclusion that the claims would be immediately dismissed if remanded. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) (federal district court may dismiss rather than remand supplemental state claims only where it is "absolutely certain that remand would prove futile"). *See also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)) (where Article III standing is absent, remand rather than dismissal is ordinarily appropriate).

/ / /
/ / /
/ / /
/ / /
/ / /

2
18cv307-LAB (JMA)

The tort claims are **DISMISSED WITHOUT PREJUDICE**, for lack of Article III standing and for failure to plead a claim, and this action is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

Dated: April 23, 2018

Hon. Larry Alan Burns
United States District Judge

3
18cv307-LAB (JMA)